**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-CR-187-JFH** |
| **JUSTIN ELI MUNCY,** | |
| **Defendant.** | |

<u>**OPINION AND ORDER**</u>

Before the Court is a Joint Motion for Continuance ("Motion") filed by the United States of America ("Government") and Defendant Justin Eli Muncy ("Defendant"). Dkt. No. 20. For the reasons set forth below, the Motion is GRANTED IN PART AND DENIED IN PART. It is granted insofar as the Court will continue the current trial setting and denied insofar as timing, as the Court will place the case on a visiting judge docket set for October 11, 2022.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was

1

intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

In this case, the Government has produced some discovery, however, it anticipates that there will be "voluminous additional electronic and written discovery" produced. Dkt. No. 20 AT 1. The parties request additional time to allow Defendant and his counsel to review the new discovery once it is produced and to continue engaging in negotiations. *Id.* Defendant has executed a speedy trial waiver, asking the Court to exclude the requested period of delay for an ends of justice continuance. Dkt. No. 21. In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the Joint Motion for Continuance filed at Dkt. No. 20 is GRANTED IN PART AND DENIED IN PART. The jury trial set for August 29, 2022 at 9:00 a.m. is stricken. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery due: | 9/1/2022 | |
| Notices due: | 9/1/2022 | |

This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414 or 609.

| | | |
|---|---|---|
| Motions due: | 9/8/2022 | |

Absent good cause, motions in limine shall be filed by this date

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 9/29/2022 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs due: | 9/30/2022 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 10/6/2022 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 10/6/2022 | by 4:00 pm |
| Jury trial: | 10/11/2022 | at 9:00 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing.

Only one omnibus motion in limine and one motion to suppress per defendant is permitted without leave of Court.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial.  Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set.  The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from August 29, 2022, inclusive, to October 11, 2022, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 26th day of July 2022.

_____

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE